# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY DEPT. PROBATION, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00763-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff David Townsel ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 19, 2015. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

　　　　Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

1  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim
3  to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at
4  570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability .
5  . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal,
6  556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as
7  true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal
8  conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff alleges that he was paroled in 2012 and was placed on post-release supervision with the Madera County of Probation on October 22, 2012. Plaintiff post-release supervision is set to expire on October 22, 2015. Plaintiff is seeking damages for his 27 months of post-release supervision alleging it violates the Eighth Amendment and double jeopardy.

### A.     Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). To constitute cruel and unusual punishment in violation of the Eighth Amendment, conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Plaintiff's bare allegation that he has been subjected to 27 months of post-release supervision does not state a claim under the Eighth Amendment.

### B.     Double Jeopardy

Similarly, Plaintiff's allegation that he was exposed to double jeopardy is insufficient to state a claim. The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995)). Plaintiff does not include any factual allegations that he has been punished more than once for the same offense by being placed on

post-release supervision.

**C.    Habeas Corpus**

Finally, when a prisoner is challenging the legality or duration of her custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). A challenge to the fact that a parolee is on supervised release must be raised on a habeas petition. Thornton v. Brown, 757 F.3d 834, 838 (9th Cir. 2013).

To the extent that Plaintiff is challenging the fact that he was placed on and continues to be on supervisor release his claim must be raised in habeas. Since the success in this action would necessarily demonstrate the invalidity of Plaintiff's sentence or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. This claim should be dismissed without leave to amend.

**D.    Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The Court recommends that Plaintiff be granted leave to file an amended complaint. Plaintiff is advised that he is not being granted the opportunity to amend his complaint at this time. When the district court issues an order addressing these findings and recommendations, Plaintiff will be provided by a deadline by which to file an amended complaint.

Further, Plaintiff is advised that Section 1983 provides a cause of action for the violation

of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). However, government officials may not be held liable for the actions of their subordinates under a theory of vicarious liability for section 1983 actions, so to state a claim, the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires the plaintiff to plead that the official has violated the Constitution through his own individual actions and acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069-70 (9th Cir. 2012). In other words to state a claim, Plaintiff must include factual allegations to show what each individually named defendant did to violate his federal rights.

### III.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed for failure to state a claim; and

2. Plaintiff's claim that he has been sentenced to a period of post release supervision be dismissed without leave to amend; and

3. Plaintiff be granted leave to file an amended complaint to cure the deficiencies in his Eighth Amendment and double jeopardy claims.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 27, 2015**

UNITED STATES MAGISTRATE JUDGE