# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID TOWNSEL,**<br><br>    Plaintiff,<br><br>    v.<br><br>**MADERA COUNTY DEPT PROBATION, et al.,**<br><br>    Defendants. | Case No. **1:15-cv-00763-LJO-SAB**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>**(ECF No. 6)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff filed the complaint in this action on May 19, 2015. (ECF No. 1.) The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 2, 2015, this Court entered an order consolidating Townsel v. Madera County Behavioral Health Services, No. 1:15-cv-00764-AWI-GSA, with this action. (ECF No. 4). This Order addresses both the complaint filed in Case No. 1:15-cv-00763 LJO SAB and the complaint filed in Case No. 1:15-cv-00764 AWI GSA.

**1. F&Rs Recommending Dismissal of Certain Claims in Original Complaint filed in Case No. 1:15-cv-00763 LJO SAB.**

On May 27, 2015, the Magistrate Judge filed Findings and Recommendations ("F&Rs") recommending dismissal of certain claims and providing Plaintiff with an opportunity to file an amended complaint. The F&Rs were served on Plaintiff and contained notice that any objections to the F&Rs were to be filed within thirty days (30) days from the date of service. The period for filing objections has now passed and no objections have been filed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds the F&Rs to be supported by the record and by proper analysis. The original complaint filed in Case No. 1:15-cv-00763 LJO SAB is therefore **DISMISSED WITH LEAVE TO AMEND AS TO THE EIGTH AMENDMENT AND DOUBLE JEOPARDY CLAIMS, BUT WITHOUT LEAVE TO AMEND AS TO HIS CLAIM CONCERNING POST RELEASE SUPERVISION.**

**2. Complaint filed in Case No. No. 1:15-cv-00764-AWI-GSA.**

As mentioned above, on July 2, 2015, this Court entered an order consolidating Townsel v. Madera County Behavioral Health Services, No. 1:15-cv-00764-AWI-GSA, with this action. (ECF No. 4.) Accordingly, this Court now has jurisdiction to address the Complaint filed in Case No. 1:15-cv-00764-AWI-GSA.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Accordingly, the Court shall screen the complaint filed in the consolidated case.

Plaintiff brings the action against Mark L. Duarte alleging a violation of the Eighth Amendment because Mr. Duarte stated that Plaintiff had unstable psychotic markers due to not being on his psychiatric medications from June through August of 2013. Townsel v. Madera County Behavioral Health Services, No. 1:15-cv-00764-AWI-GSA, ECF No. 1. Plaintiff's probation officer reported that Plaintiff had not reported to the Probation Department during this same period, was not attending his mental health counseling, his whereabouts were unknown and Plaintiff was a danger to the community. Plaintiff was referred for a violation of probation on August 28, 2013. On November 18, 2013, Plaintiff was seen by the Madera County Department of Corrections Mental Health Nurse who reported that Plaintiff requested no psychiatric medication for his schizophrenia, and found that he was not suicidal and no psychotic markers were reported.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). To constitute cruel and unusual punishment in violation of the Eighth Amendment, conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Plaintiff fails to allege any facts from which the Court can infer that Mr. Duarte violated the Eighth Amendment by reporting his psychiatric findings regarding Plaintiff. Plaintiff fails to state a claim against Mr. Duarte and the complaint filed originally in Case No. No. 1:15-cv-00764-AWI-GSA is **DISMISSED WITH LEAVE TO AMEND.**

**3. Leave to Amend.**

Plaintiff shall file a single amended complaint raising claims he originally raised in the two separate complaints addressed above. Plaintiff is advised that his amended complaint must include sufficient factual allegations against each named defendant to link the individual defendant to the acts or failures to act that he asserts violated his federal rights. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. Id.

Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, Iqbal, 556 U.S. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In his amended complaint Plaintiff must include sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved. Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall

3

clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

Accordingly, IT IS HEREBY ORDERED that:

1. With regard to the complaint filed in Case No. 1:15-cv-00763-LJO-SAB (ECF No. 1, filed May 19, 2015)

    A. The F&Rs filed May 27, 2015 are **ADOPTED IN FULL;**

    B. Plaintiff's claim that he has been sentenced to a period of post release supervision is **DISMISSED WITHOUT LEAVE TO AMEND**;

    C. Plaintiff's Eighth Amendment and double jeopardy claims are **DISMISSED WITH LEAVE TO AMEND.**

2. With regard to the Complaint filed originally in Case No. 1:15-cv-00764-AWI-GSA, ECF No. 1 (filed May 19, 2015), Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND.**

4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a <u>single</u> amended complaint addressing any claims for which leave to amend has been granted. Any such complaint should be filed in case no. 1:15-cv-00763-LJO-SAB ONLY.

6. Failure to file an amended complaint in compliance with this order will result in this action being dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 8, 2015**            /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE

4