# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MADERA COUNTY DEPT PROBATION, et al.,<br><br>    Defendants. | Case No.  1:15-cv-00763-LJO-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

Plaintiff, David Townsel, a former state prisoner, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 19, 2015. (ECF No. 1.) Currently before the Court is Plaintiff's first amended complaint, filed September 2, 2015. (ECF No. 14.)

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings this action against Defendants Mark L. Duarte and Jennifer Swaine alleging violations of the Eighth Amendment. (First Am. Compl. 1, ECF No. 14.) Plaintiff alleges that Defendant Duarte made false reports to Madera County Department of Probation Officer, Defendant Swaine. (Id.) Without having ever evaluated Plaintiff, Defendant Duarte reported that Plaintiff had signs of unstable psychiatric markers for the months of June, July, and August of 2013. (Id. at 1-2.) Plaintiff was later confined on a probation violation and, due to the report of unstable psychiatric markers. was required to attend mental health counseling. (Id. at 2.) Plaintiff was evaluated on November 18, 2013 by a nurse at the facility who determined that Plaintiff was not suicidal, showed no signs of any psychotic markers for his schizophrenia, and was not a danger to himself or others. (Id. at 3.) Defendant contends he was also held beyond the time that he was ordered to serve. (Id. at 4.) Plaintiff is seeking one million dollars in damages. (Id.)

## III.

## DISCUSSION

**A.    Cruel and Unusual Punishment**

Plaintiff asserts that the conduct of Defendants Duarte and Swaine violated the Eighth Amendment. The Eighth Amendment prohibits inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing

1  Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347
2  (1981)) (quotation marks omitted).  Conditions must not involve the wanton and unnecessary
3  infliction of pain, Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks
4  omitted), thus, conditions which are devoid of legitimate penological purpose or contrary to
5  evolving standards of decency that mark the progress of a maturing society violate the Eighth
6  Amendment, Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer,
7  536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

8       To prove a violation of the Eighth Amendment the plaintiff must "objectively show that
9  he was deprived of something 'sufficiently serious,' and make a subjective showing that the
10 deprivation occurred with deliberate indifference to [his] health or safety."  Thomas v. Ponder,
11 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a
12 showing that "officials were aware of a "substantial risk of serious harm" to an [the plaintiff's]
13 health or safety and that there was no "reasonable justification for the deprivation, in spite of that
14 risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).  Officials may be aware
15 of the risk because it is obvious.  Thomas, 611 F.3d at 1152.  In order to state a claim for
16 violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim
17 that officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g.,
18 Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

19      The terms imposed as part of a defendant's sentence can violate the Eighth Amendment.
20 See Ewing v. California, 538 U.S. 11, 20 (2003) (The Eighth Amendment contains a "narrow
21 proportionality principle" which "applies to noncapital sentences."); United States v. Williams,
22 636 F.3d 1229, 1232 (9th Cir. 2011) (a sentence cannot be grossly disproportionate to the crime
23 committed).

24      Plaintiff has not alleged any facts to state a claim that his conditions of probation were
25 disproportionate to his sentence.  Plaintiff alleges that he was required to obtain mental health
26 treatment while incarcerated due to a probation violation, but has alleged no facts to show that he
27 was at a significant risk of harm due to being required to participate in mental health treatment.
28 Plaintiff's first amended complaint is devoid of any allegations that a named defendant was

aware that he was at a significant risk of harm and failed to appropriately respond.

Accordingly, Plaintiff's first amended complaint does not state a cognizable claim for a violation of the Eighth Amendment.

### B. Due Process

Plaintiff's allegation that Defendant Duarte submitted a false statement to his probation which resulted in the revocation of his probation would implicate the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id.

The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). The revocation of probation is a loss of liberty that requires the probationer to be accorded due process. Gagnon v. Scapelli, 411 U.S. 778, 782 (1973). Due process requires two components for the decision to revoke probation: "(1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." Black v. Romano, 471 U.S. 606, 611 (1985).

As relevant here, Plaintiff would be "entitled to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." Black, 471 U.S. at 612. Plaintiff has not alleged any facts to state a claim that his probation was revoked without due process of law.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff shall be granted one final

opportunity to file a second amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed September 2, 2015, is dismissed for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 10, 2015**

UNITED STATES MAGISTRATE JUDGE